**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7204**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL MANNING,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:07-cr-00081-AWA-DEM-2; 4:13-cv-00137-AWA)

Submitted:  November 21, 2019                     Decided:  November 26, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Samuel Manning, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Manning seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the court's prior order denying relief on Manning's 28 U.S.C. § 2255 (2012) motion.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004), *abrogated in part by McRae*, 793 F.3d at 400 & n.7. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

---

[*] Because the lone contention in Manning's motion alleged a defect in the underlying habeas proceeding, the district court properly treated this as a "true" Rule 60(b) motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (distinguishing between a successive habeas petition and a true Rule 60(b) motion and observing that the latter asserts "some defect in the integrity of the federal habeas proceedings," while the former challenges "the substance of the federal court's resolution of a claim on the merits"); *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (recognizing the same distinction).

We have independently reviewed the record and conclude that Manning has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*